ROBERT C. GARVIE #114819
BOUGHEY, GARVIE & BUSHNER
One Post Street, Suite 2400
San Francisco, California 94104-5228
Telephone: (415) 398-4500
Fax: (415) 398-2455

Attorney for Defendant
FISHING COMPANY OF ALASKA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON MAXWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FISHING COMPANY OF ALASKA, INC.,<br><br>　　　　Defendant. | Case No.: C 01 4928 CW ARB<br><br>**MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE**<br><br>**Date:** May 31, 2002<br>**Time:** 10:00 a.m.<br>**Judge:** The Honorable Judge Claudia Wilken<br>**Dept.:** Courtroom #2, Oakland |

## I. INTRODUCTION

Plaintiff Jon Maxwell contractually agreed with Defendant, Fishing Company of Alaska, Inc. ("FCA") that any and all disputes between himself and FCA would be resolved in the courts of King County, Washington. Therefore, the filing of this lawsuit against FCA in the Northern District of California is improper. The filing of this lawsuit is contrary to the choice of law provision acknowledged and agreed to by Mr. Maxwell and constitutes a breach of the employment contract Mr. Maxwell signed in Seattle, Washington. Accordingly, FCA respectfully requests that this Court dismiss Mr. Maxwell's case for improper venue pursuant to F.R.C.P. 12(b)(3) and F.R.C.P. 12(b)(6), or in the alternative, transfer the case to the United States District Court for the Western District of Washington where venue is proper.

///

## II. FACTS

On December 12, 1998, Mr. Maxwell executed an employment contract in Seattle, Washington to work as a fish processor for FCA aboard its vessel, the F/V ALASKA PATRIOT. (See employment contract attached to Decl. of Jim White, hereinafter "Exhibit A" and the Decl. of White ¶ 5, and Decl. of Renee Brem ¶ 5.) The employment contract was signed by Mr. White on behalf of FCA on the same day. (See declaration of White ¶ 6.) FCA is a Washington corporation. (See Decl. of Eric Hollis ¶ 3.) Plaintiff's point of hire was also in Seattle, Washington. (See Decl. of White ¶ 4 and Exhibit A p.6 and Decl. of Brem ¶ 4.) FCA does not hire fishing vessel crew members in California and only hires fishing vessel crew in Washington and Alaska. (See Decl. of Hollis ¶ 5.) As part of the employment agreement, plaintiff agreed to the following choice of law provision:

> **CHOICE OF LAW:** The parties agree that any and all disputes between the parties shall be interpreted according to the maritime law of the United States of America <u>and that the venue for any lawsuit arising from or related to Employee's employment by Employer shall be only in King County, Washington.</u>
> (Underlining added).

(See Exhibit A p.6.)

On December 17, 2001, Mr. Maxwell filed suit against FCA in the Northern District of California. In his complaint, he alleged that he sustained injuries due to the unseaworthiness of the F/V ALASKA PATRIOT, maritime negligence under the Jones Act, and failure to provide adequate medical care. (See Complaint.) All of Mr. Maxwell's claims and alleged damages arise out of his employment relationship with FCA and any lawsuit should have been filed in King County, Washington. Due to Mr. Maxwell's filing of suit here in the Northern District of California in contradiction of the express terms of his employment contract, FCA now moves this Court for an Order dismissing Mr. Maxwell's claims for improper venue and failure to state a claim pursuant to F.R.C.P. 12(b)(3) and F.R.C.P. 12(b)(6) respectively.[1]

---

[1] According to Rawlins v. Clipper Cruise Lines, 1998 AMC 1254, 1255, dismissal based on a forum-selection clause should be brought pursuant to Rule 12(b)(6) for failure to state a claim. In an abundance of caution, FCA brings this motion under both Rule 12(b)(3) and

## III. DISCUSSION

**A. The Forum Selection Clause in Plaintiff's Employment Contract is Valid and Enforceable.**

Mr. Maxwell has no legitimate claim to venue before this Court. He voluntarily went up to Seattle, Washington in pursuit of employment. His point of hire with FCA was Seattle, Washington, not California. (See Decl. of White ¶ 3 and 4 and Exhibit A p.6 and Decl. of Brem ¶ 4.) The employment contract between Mr. Maxwell and FCA expressly provides that the point of hire is Seattle, Washington. (See Decl. of White ¶ 9 and Exhibit A p.6.) Additionally, he executed and signed an employment contract with FCA in Seattle, Washington which contained a valid forum selection clause that placed venue for "any and all disputes between the parties" in King County, Washington. (See Decl. of White ¶ 5 and 7 and Exhibit A p.6.)

Forum selection clauses are presumed to be valid and will be enforced unless enforcement clearly would be unreasonable and unjust, or unless agreement to the forum selection clause was obtained by fraud or overreaching. The BREMEN v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). The United States Supreme Court in BREMEN v. Zapata Off-Shore Co. held that forum selection clauses are "*prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." Id. In such circumstances, it is "incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." See id. at 20. Absent that, there is no basis for concluding that it would be unfair, unjust or unreasonable to hold that party to his bargain. See id. Thus, a court should give substantial deference to parties' choice of location and manner in which they agree to resolve their disputes. Jones v. Seto Services FreePort New York, Inc. 828 F.Supp. 1002, 1013 (E.D.N.Y. 1993).

In Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991), the United States Supreme Court established that forum selection clauses and choice of law clauses would not be

---

12(b)(6).

considered "unreasonable" unless they were shown to be the result of "fraud or undue influence," the chosen forum was so gravely inconvenient as to deprive the resisting party of his day in court, or enforcement of the clause would contravene a strong public policy declared by law or statute. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 591-595 (1991).

In addition, in enforcing a forum selection clause, a court must determine whether the clause is unreasonable or fundamentally unfair. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 594-595 (1991). Examples of where courts have recognized fundamental unfairness include instances where a defendant selects a particular forum as a bad faith tactic to discourage pursuit of legitimate claims, where defendants obtained consent from plaintiff by undue influence or overreaching, or where plaintiffs had no notice of the forum provision. Id.

**B. Washington is a Reasonable Forum.**

**1. FCA had a Legitimate Business Reason for Designating King Count, Washington as the Appropriate Forum for Litigation**

It is true that California has a strong interest in protecting its citizens who are being recruited by out of state corporations. See Jentry v. Deep Sea Fisheries, et.al., (1993) AMC 1092, 1094. However, in this case, it was Mr. Maxwell who chose to go up to Seattle, Washington in pursuit of employment with FCA. He signed his employment contract in Seattle, Washington, and in so doing, acknowledged and agreed to King County, Washington venue for any and all disputes arising between himself and FCA. There is no evidence or even a claim that FCA chose Washington as a forum to avoid the pursuit of legitimate claims. To the contrary, FCA has legitimate business reasons for designating King County, Washington as the appropriate forum for litigation. FCA's principle place of business is in Washington, it is a Washington corporation, and Mr. Maxwell's point of hire was in Washington as well. (See Decl. of Hollis ¶ 3; Decl. of Brem ¶ 4; Decl of White ¶ 4; and Exhibit A p.6.)

**2. There is no Evidence that Plaintiff Entered Into His Employment Agreement Because of Fraud, Overwhelming Bargaining Power or Undue Influence.**

FCA did not assert any undue influence over Mr. Maxwell to sign the employment contract. In fact, plaintiff voluntarily went to Seattle, Washington in pursuit of

employment and signed the employment contract with FCA in Seattle which was his point of hire. (See Decl. of Brem ¶ 5; Decl. of White ¶ 5; and 6 and Exhibit A p.6.)

In this context, it is important to note that FCA was merely one of several fishing companies that Mr. Maxwell could have chosen to work for. If Mr. Maxwell did not like the terms of FCA's employment contract, he could easily have sought employment elsewhere.

### 3. Mr. Maxwell Had Notice Of the Forum Selection Clause

Mr. Maxwell cannot argue that he did not have notice of the forum selection clause included in the Choice of Law provision of his employment contract. The forum selection clause was clearly written in 12.0 Arial font and positioned directly above the line provided for Mr. Maxwell's signature. (See Decl. of White ¶ 8 and Exhibit A p.6.) The forum selection clause was followed by a paragraph which read:

> "By signing below, the Employee acknowledges he or she has read and agrees to the foregoing terms of this "Employment At Will Employment Contract" and the work rules and duties which I have received."

(See Decl. of White ¶ 10 and Exhibit A p.6).

It is a fundamental principle of contract law that a person who signs a contract is presumed to know its terms and consents to be bound by them. Bonny v. Society of Lloyd's, 3 F.3d 156, 160 n.10. (7th Cir. 1993) (citing 3A Corbin, Corbin on Contracts 607 (1989)). Mr. Maxwell's signature acknowledged he read and agrees to the terms of the employment contract. Mr. Maxwell, and agreed to be bound by those terms including the forum selection clause.

### 4. King County, Washington in Not an Inconvenient Forum.

One seeking to set aside a forum selection clause on the basis of inconvenience has a "heavy burden of proof." BREMAN 407 U.S. 1 at 17; Shute, 499 U.S. at 592. As the United States Supreme Court explained, "it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. BREMAN 407 U.S. 1 at 18. The mere inconvenience and expense of traveling is not an adequate reason to disturb a contractual choice of forum between parties. See Weiss vs. Columbia Pictures Television, Inc., 801 F.Supp.1276, 1279 (E.D.N.Y. 1992).

       Mr. Maxwell has no basis to allege that filing suit against FCA in King County, Washington, would be "so gravely difficult and inconvenient that [he would] for all practical purposes be deprived of his day in court." BREMAN 407 U.S. 1 at 10. Any allegation that venue in King County, Washington, would be inconvenient or difficult is contrary to the facts in this matter and, under the circumstances, insufficient to obviate the agreed upon forum selection clause. This is especially true since plaintiff went to Seattle, Washington, in search of employment. This demonstrates that transportation to Seattle, Washington, was available to Mr. Maxwell. His actions demonstrate that he had no difficulty going to Washington to seek employment and sign a contract. He will have no greater difficulty in going to Washington for his day in court.

       In balancing the "inconvenience" factor as part of the "reasonableness" test, the court in Effron v. Sun Line Cruises, (3rd Cir. 1995) stated that although requiring plaintiffs to litigate a claim in Greece would impose substantial hardship, that hardship was outweighed by a consideration of "reasonableness" to defendant who would otherwise be required to respond to litigation all around the world. See Effron v. Sun Line Cruises 67 F.3d 7, 10-11 (3rd Cir. 1995).

       Similarly, the District Court for the Central District of California enforced a forum selection clause requiring a California plaintiff to litigate her claim in Florida, even where all the passenger witnesses resided in California, the key witness himself lived in California, and the entire crew who was present during the incident also resided in California. Spira-Felts, et.al v. Carnival Corporation, et. al, 1998 AMC 712, 714. In that case, the court reasoned that Florida was the appropriate forum because the parties had agreed to a forum selection clause prior to the incident, placing venue in the State of Florida. See id. at 715.

       Here, venue in Washington would not be inconvenient. Given FCA's location in Washington, the same entitlement to his day is court, and Mr. Maxwell's willingness to travel to Seattle, Washington in search of employment, any claim Mr. Maxwell attempts to make concerning inconvenience will fail to meet the heavy burden of proof required.

///

///

### 5. Plaintiff's Claims Are Inherently Premised Upon His Acceptance of the Employment Contract

Mr. Maxwell's right to bring the claims he has alleged exists only because of his employment relationship with FCA. Negligence claims under the Jones Act, 46 USC 688 can be asserted only against a seaman's employer. See Cosmopolitan Shipping Company vs. McCallister, 337 U.S. 783, 791 (1949); Allen vs. United States 338 F.2d. 160, 162 (9th Cir. 1964). Thus, plaintiff's claims of Jones Act negligence are fundamentally based upon acceptance of his employment agreement and his employment relationship with his employer. Similarly, plaintiff's claim alleging unseaworthiness of the F/V ALASKA PATRIOT is premised on his position as a seaman, as are his claims for maintenance and cure. The shipowners duty to furnish a seaworthy vessel is owed to those providing a service the vessel Kermarec v. Compagnie Generale Translantique, 358 US. 625 (1959). Plaintiffs' claim for breach of warranty of seaworthiness arise from his employment as a reason with FCA aboard F/V ALASKA PATRIOT. It is the employment relationship and status as crew member that entitles him to bring the cause of action. See for example Sherfy v. Marin Horizon et al. 2000 AMC 279 (N. Dist. of Cal. 199); Gebhard v. S.S. Hawaiian Legislator, 425 F 2d 1303,1310 (9th Cir. 1970). The right of maintenance and cure is also predicted on an employer-employee relationship. The seaman is entitled to maintenance and cure when injured or taken ill in the course of his employment. The Osceola, 189 U.S. 158 (1903). The duty to provide cure "is contractual in the sense that it has its source in the relation which is contractual in origin..." Cortez v. Baltimore Insular Line, Inc., 287 U.S. 367, 371 (1932).

### 6. Enforcement of Parties Forum Selection Clause Will Not Contravene Public Policy.

Dismissing Mr. Maxwell's claim to be refiled in Washington would not violate any strong public policy involving state or federal maritime law. Therefore, protecting the Washington venue would not contravene public policy. On the other hand, maintaining suit in California would. "It is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court." National Equipment Rental, Ltd. vs. Szukhent, 375 U.S. 311,

315-316 (1964). Therefore, permitting plaintiff to bring suit in any other jurisdiction other than that which he agreed to in his employment contract would contravene the policy of respecting the contractual right of individuals and their ability to bargain for terms and conditions of a contract. In BREMAN, the United States Supreme Court acknowledged that a forum selection clause was a "vital part of [an] agreement," and that it would be "unrealistic to think that the parties did not conduct their negotiations . . . with consequences of the forum clause prominently in their calculations." BREMAN, 407 U.S. 1 at 17.

### IV. CONCLUSION

Mr. Maxwell's filing of his claims in the Northern District of California is contrary to the venue provision in the FCA employment contract which he voluntarily signed. Therefore, FCA respectfully requests that this Court dismiss plaintiff's suit due to a valid and enforceable forum selection clause that requires all claims be brought in the proper and agreed forum of King County, Washington. In the alternative, FCA requests that this Court transfer this matter to the United States District Court, Western District of Washington, located in King County, Washington.

DATED:        April 18, 2002

                                                BOUGHEY, GARVIE & BUSHNER


                                                By    /s/ Robert C. Garvie
                                                ROBERT C. GARVIE
                                                Attorney for Defendant
                                                THE FISHING COMPANY OF ALASKA, INC.

02001\PLEADING\004MDMLPLD.WPD